IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CHRISTOPHER JUDE BLAUVELT, | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. GLR-12-2905 |
| | | Criminal No. GLR-08-0269 |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

\* \* \*

## <u>MEMORANDUM OPINION</u>

On November 17, 2008, a jury in the United States District Court for the District of Maryland convicted the Petitioner, Christopher Jude Blauvelt, on one count of production of child pornography in violation of 18 U.S.C. § 2251 (Count 1); one count of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B) & (b)(2) (Count 2); two counts of distributing a controlled dangerous substance to a minor, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 859(a) (Counts 3 and 5); and one count of possession of a controlled substance, in violation of 21 U.S.C. § 844(a) (Count 7). (ECF No. 76). The Court sentenced Blauvelt to 293 months of imprisonment on June 22, 2009. (ECF No. 111).

On Mary 9, 2011, the United States Court of Appeals for the Fourth Circuit affirmed Blauvelt's conviction. <u>United States v. Blauvelt</u>, 638 F.3d, 281 (4th Cir. 2011). On October 3, 2011, the Supreme Court of the United States denied Blauvelt's Petition for Writ of Certiorari. <u>Blauvelt v. United States</u>, 132 S.Ct. 111 (2011). October 1, 2012, Blauvelt filed his Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct his sentence. (ECF No. 129). No

hearing is necessary.  <u>See</u> Rule 8 of the Rules Governing § 2255 Proceedings.  For the reasons that follow, the Court will deny the Motion.

I.      <u>Background</u>

Subsequent to being advised that Blauvelt sent pornographic photographs of a young girl to another minor, the Baltimore County Police Department conducted an investigation of Blauvelt for distribution of child pornography.  On May 29, 2007, a grand jury sitting in Baltimore County, Maryland charged Blauvelt in a 14-count indictment with <u>inter alia</u>, possession with intent to distribute child pornography.  The State case was eventually referred to the United States Attorney's Office for the District of Maryland for federal prosecution.

During his initial detention while awaiting trial, Blauvelt retained Dr. Neil Blumberg for a psychological evaluation.  <u>United States v. Blauvelt</u>, 2008 WL 4755840 at *1–2 (D.Md. Oct. 28, 2008).  Dr. Blumberg testified at a detention hearing on behalf of Blauvelt, who sought release pending trial.  <u>Id.</u>  Dr. Blumberg testified that he did not believe Blauvelt posed a significant threat to the public and that Blauvelt had expressed considerable remorse for his conduct.  <u>Id.</u> at *4.  Further, Dr. Blumberg testified that Blauvelt admitted that he provided minor victims with drugs and engaged in sexual activity with one of them.  <u>Id.</u> at *6. The trial court held that Dr. Blumberg's testimony would be admissible as impeachment evidence if Blauvelt chose to testify at trial.  (ECF No. 119).

During the course of the trial, the government introduced significant evidence of Blauvelt's guilt.  The evidence included, but was not limited to, videos of child pornography on Blauvelt's computer; videos and still photographs of Blauvelt engaged in sexual activity with the minor victim ("BR") on his digital media card; photographs of BR and another minor taken with Blauvelt's cell phone; testimony of BR that she is the girl and Blauvelt is the man depicted in the

videos and stills on the digital media card; testimony of three other adult witnesses who identified Blauvelt as being in the videos and stills based upon his voice, genitals, and mannerisms during intercourse; identification by BR and two other females of the room depicted in the stills and video as the bedroom of a house Blauvelt rented in Dundalk, Maryland.  (ECF Nos. 121–122).

At Blauvelt's sentencing, defense counsel elicited testimony from Blauvelt's stepfather, aunt, and mother.  (ECF No. 126).  Each witness testified that as a result of a 2004 motorcycle accident, Blauvelt suffered from direct, pronounced, and deleterious mental-health issues.  (Id.). Dr. Blumberg also testified on Blauvelt's behalf, opining that Blauvelt suffered from a variety of mental illnesses, including substance abuse, post-traumatic stress disorder, major depressive or bi-polar disorder, and paraphilia.  (Id.).  Dr. Blumberg also testified that the 2004 motorcycle accident exacerbated Blauvelt's mental health condition.  (Id.).

II.    Anaylsis

Blauvelt asserts he is entitled to relief under 28 U.S.C. § 2255 based on four grounds: (1) he suffered ineffective assistance of counsel during his State proceeding because his counsel failed to convey a plea offer; (2) he was not allowed to testify during his federal trial; (3) the failure to seek a neurological evaluation prior to the sentencing hearing violated his Sixth Amendment right to counsel; and (4) he is actually innocent of the crimes for which he was convicted.

Blauvelt has the burden of proving by a preponderance of the evidence that he is entitled to relief.  Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).  To be constitutionally ineffective in violation of Blauvelt's Sixth Amendment rights, his attorney's performance must (1) fall below "an objective standard of reasonableness" and (2) have so prejudiced the defense

that, "but for counsel's unprofessional errors, the result of the proceedings would have been different." Strickland v. Washington, 466 U.S. 668, 694 (1984). The reasonableness of a lawyer's trial performance must be evaluated from counsel's perspective at the time of the alleged error in light of all the circumstances. Id. at 689. Judicial scrutiny of counsel's performance must be highly deferential. Id. Further, even assuming an error occurred, the judgment of a criminal proceeding should not be set aside if the error had no effect on the judgment. Id. at 691.

The Sixth Amendment right to effective assistance of counsel attaches only after adversarial proceedings commence. Kirby v. Illinois, 406 U.S. 682, 688 (1972). As a result, the Sixth Amendment right to counsel does not attach in federal court until the United States initiates adversarial judicial proceedings against the accused. United States v. Alvarado, 440 F.3d 191, 198, (4th Cir. 2006). The law is clear that when charged with a state violation in state court, the accused has no Sixth Amendment right to counsel in a federal court because the right has not attached. Id.

Applying the aforementioned principles to the present case, the Court finds that it lacks jurisdiction to review Blauvelt's claim related to the failure to convey a plea offer that occurred prior to the initiation of charges in the United States District Court for the District of Maryland by the United States. Assuming that a plea offer was not conveyed by counsel in state court, there is no evidence in this record that the United States was a party to Blauvelt's state court plea agreement to such an extent that would allow the Blauvelt to bring his claim within the ambit of this Court's jurisdiction. Further, even if such a claim could be subject to this Court's jurisdiction, Blauvelt has not established that but for the ineffective advice of counsel there would have been a reasonable probability that he was prejudiced by such conduct.

Next, as to Blauvelt's claim that his counsel was constitutionally ineffective for not permitting him to testify at trial, the record makes perfectly clear that Blauvelt was aware of his right to testify and validly waived that right by declining to testify.  (See ECF No. 123).  And, once again, even assuming that the record is unclear regarding his trial counsel being ineffective, Blauvelt failed to suffer any prejudice as a result of any error.

Third, as to Blauvelt's claim that his trial counsel was objectively unreasonable by failing to obtain a neuropsychological evaluation to address the effects of his 2004 motorcycle accident, the standard is clear that counsel is not required to investigate every conceivable line of mitigating evidence no matter how unlikely the effort would be to assist the defendant.  Wiggins v. Smith, 539 U.S. 510, 533 (2003).  Trial counsel's failure to obtain a neuropsychological evaluation, in light of the entire record, was not unreasonable.  Further, even assuming counsel erred in failing to obtain an evaluation, it is clear that Blauvelt cannot establish actual prejudice in that the trial court, prior to the imposition of the sentence, considered the effects of the 2004 evaluation through testimony of family members and Dr. Blumberg.  (See ECF No. 126).   As a result, Blauvelt has failed to meet his burden regarding this claim.

Finally, Blauvelt argues he is actually innocent of the crimes of conviction and had he testified, no reasonable juror would have convicted him.  Based upon the entire record, as well as the evidence presented at trial, the Court concludes Blauvelt has failed to demonstrate "actual factual innocence of the offense of conviction".  United States v. Mikalajunas, 186 F.3d 490, 494 (4th Cir. 1999).  Blauvelt must meet this burden by showing actual innocence by "clear and convincing evidence".  Id.  Blauvelt offers minimal, if any, evidence of factual innocence. Further, the overwhelming evidence in the record supports his guilt of the offenses of conviction. As a result, Blauvelt has failed to meet his burden regarding this assertion.

III.    <u>Conclusion</u>

For the reasons stated above, Blauvelt's Motion under 28 U.S.C. § 2255 will be DENIED.  A separate Order follows.

Entered this 27th day of September, 2016

/s/

_____
George L. Russell, III
United States District Judge